An exception to the referee's report was not required, to entitle the defendant to insist that it had been made against the evidence. That is only essential when questions of law are to be considered. (Code, §§ 268, 272.) In support of the appeal in this case, it has been insisted that the referee should have found, under the evidence, that the portion of the plaintiff's claim which has been considered, had been presented by it to the board of apportionment and audit, and that this board, after hearing and considering it, made a determination declaring, according to its judgment, the sum which justly should be paid upon it. That was a matter of fact, and it should have been so determined, which would have entitled the plaintiff to a judgment different in amount from that recovered against the defendant."

D. J. Dean, for the appellant. Hamilton Cole, for the respondents.

Opinion by DANIELS, J.; DAVIS, P. J., concurred.

BRADY, J., dissented, on the ground that the evidence was not sufficient to authorize the referee to find that the plaintiff had ever submitted its claim to the board of audit.

Judgment reversed, new trial ordered, costs to abide event, unless within twenty day after notice of decision the plaintiff stipulate to reduce the amount recovered conformably to the report made by the board of audit and apportionment. In case such a stipulation shall be given, then the judgment, as so modified, affirmed, without costs on the appeal to either party.

---

THE PEOPLE OF THE STATE OF NEW YORK ON THE RELATION OF CHARLES BANKS, AND SAID CHARLES BANKS, RESPONDENTS, v. JAMES B. COLGATE, APPELLANT.[*]

*Land under water — letters patent — vacating of, when granted to other than owner of upland — Owner of fee of street — right of to land under water in front of street.*

APPEAL from a judgment in favor of the plaintiffs, entered upon the report of a referee.

[*] Decided June term, 1876, in the second department.

This action was brought to vacate a patent for lands under water in the Hudson river at Yonkers, Westchester county. The patent was granted to the defendant in August, 1871.

In 1852 Edward W. Candee and Richard Jones were the owners of a tract of land at Yonkers, adjoining the Hudson river and south of Glenwood avenue. They caused a map of this property to be made and filed in the register's office of Westchester county. On this map they laid out a street running north and south on the west side of their property, which they named North River street. They laid out various lots fronting on this street, and one of these lots, number sixty-one, on the east side thereof, was conveyed by various mesne conveyances to the defendant, James B. Colgate.

The description of the west boundary of the lot as conveyed by Candee and Jones is "to the east line of North River street, thence northerly along the east line of said North River street one hundred and one feet."

North River street never was in fact used as a street, nor were any proceedings ever instituted by the corporation of Yonkers to acquire title to it.

The old line of high-water mark opposite the lot conveyed to Colgate was all contained within the limits of North River street.

At the south side of said lot high-water mark was about twelve feet west of the west boundary of the lot. At the north side of said lot it was about ten feet west of said westerly boundary. Between the south and north sides of the lot the line of high-water mark approached the said westerly boundary to within a foot. There was, therefore, a narrow strip of land in front of said lot and separating it along its entire front from the line of high-water mark. This strip was, after the granting of the letters patent, conveyed by several mesne conveyances to Charles Banks, the relator. The relator claimed that he was the owner of the "upland" adjacent to the Hudson river, and that the letters patent which had been issued to the defendant on the representation that he was the owner of the adjacent upland, ought to be vacated.

The issues in the action were referred to Livingston K. Miller, Esq., as referee, who reported in favor of the plaintiff and relator, vacating the letters patent. From the judgment entered upon the referee's report the defendant appealed to the General Term.

The court at General Term said: " The defendant never acquired any title to the irregular strip of land west of lot sixty-one. His deeds and those of his grantors are bounded by the east line of North River street, which excludes the strip in question and puts the same in what is laid down in the map as North River street. This street was an imaginary street, lying almost wholly in the waters of the Hudson river at the time the map was filed. It was never used as a street or road. The relator's grantee used the strip of upland from time to time for purposes of pasturage. The defendant was not an owner of the upland at the time the patent was granted to him, whether he had a right of passage over North River street or not. The fee was in Jennings, either subject to an easement in the public or in individual lot owners, or absolutely in fee simple. I discover no objection to the present owner of the fee joining with the people in this action to annul letters patent granted to the person not entitled thereto. The averment that Banks owned the upland at the date of the issuing of the letters patent is quite immaterial. The sole controversy was about this strip. In point of fact Jennings, the grantor of Banks, owned the strip at the date of the patent and he conveyed it to Banks before the commencement of the action. Colgate had no right to his patent, whether Jennings or Banks owned the upland."

*Charles Jones*, for the appellant, cited: *Bissell* v. *N. Y. C. R. R. Co.* (23 N. Y., 61); *Holden* v. *Trustees Cold Spring* (21 id., 474); *Matter Lewis Street* (2 Wend., 772); *Matter of Thirty-ninth Street* (1 Hill, 191); *People* v. *Mauran* (5 Den., 399). Also, 18 La., 123; 5 Cranch C. C. R., 509; 1 R. S., 208.

*E. Ellery Anderson*, for the respondents, cited: *Wetmore* v. *Law* (34 Barb., 515); *Van Amringe* v. *Barnett* (8 Bosw., 357); *Anderson* v. *James* (4 Robt., 35); *Halsey* v. *McCormack* (13 N. Y., 296); *Jackson ex dem.* v. *Hathaway* (15 Johns., 447); *Higgins* v. *Reynolds* (31 N. Y., 151); *Craig* v. *Rochester city* (39 id., 404); *Munn* v. *Worrall* (53 id., 44).

Opinion by BARNARD, P. J.; GILBERT, J., concurred.

Present—BARNARD, P. J.; GILBERT and DYKMAN, JJ.

Judgment affirmed with costs.